IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Calpine Corporation, et al.<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>EPA, et al.,<br><br>　　　　Respondents. | Case No. 20-1177<br>(and consolidated cases)<br><br>**NOT YET SCHEDULED FOR ORAL ARGUMENT** |

**MOTION TO INTERVENE OF
AUTOMOBILE MANUFACTURERS**

Pursuant to Rule of Appellate Procedure 15(d) and D.C. Circuit Rule 15(b), American Honda Motor Co., Inc., BMW of North America, LLC, Ford Motor Company, Rolls-Royce Motor Cars NA, LLC, and Volkswagen Group of America, Inc. (together, the "Automobile Manufacturers") hereby move to intervene in these consolidated actions seeking review of the final rule titled *The Safer Affordable Fuel-Efficient (SAFE) Vehicles Rule for Model Years 2021-2026 Passenger Cars and Light Trucks*, published at 85 Fed. Reg. 24174 (Apr. 30, 2020) ("SAFE Rule Part Two" or the "Rule").[1] The Automobile Manufacturers seek to intervene

---

[1] *See* D.C. Cir. R. 15(b) ("A motion to intervene in a case before this court concerning direct review of an agency action will be deemed a motion to intervene

solely with respect to the issue of the remedy in the event this Court grants a petition for review challenging SAFE Rule Part Two. The Automobile Manufacturers do not take a position on the merits of Petitioners' challenges to SAFE Rule Part Two.

Each of the Automobile Manufacturers intends to achieve greater greenhouse gas emissions reductions for light duty automobiles than would be required by SAFE Rule Part Two. The Automobile Manufacturers will not address the merits of whether any of the various petitions for review of SAFE Rule Part Two should be granted. But if a petition for review is granted, the Automobile Manufacturers have a substantial interest in the remedy. The Automobile Manufacturers wish to ensure that any remedy imposed by this Court is both appropriate and achievable. The Automobile Manufacturers thus seek to intervene to protect their interest with respect to any remedy the Court issues in the event a petition for review is granted.

## BACKGROUND

A.  Section 202(a) of the Clean Air Act ("CAA") requires EPA to establish standards for emissions of pollutants from new motor vehicles whose emissions cause or contribute to air pollution that may reasonably be anticipated to

---

in all cases before this court involving the same agency action or order, including later filed cases, unless the moving party specifically states otherwise, and an order granting such motion has the effect of granting intervention in all such cases.").

2

endanger public health or welfare. *See* 42 U.S.C. § 7512(a). The Energy Policy and Conservation Act ("EPCA") separately requires NHTSA to establish Corporate Average Fuel Economy ("CAFE") standards for passenger car and light trucks at "the maximum feasible average fuel economy level that it decides the manufacturers can achieve in that model year." 49 U.S.C. § 32902(a).

The State of California also has played a leading role in regulating emissions from new automobiles. While the CAA preempts states from imposing their own emissions requirements, it contains an exception under which EPA may grant California a waiver from preemption so long as California's standards are at least as protective as those of the federal government and other specified criteria are satisfied. *See* 42 U.S.C. § 7543(b). Section 177 of the CAA further allows other states to "opt in" and to adopt California's standards. *See* 42 U.S.C. § 7507. EPA previously granted California's request for a waiver of CAA preemption to enforce its own standards for motor vehicle emissions for model year ("MY") 2009 and later, including for greenhouse gases. *See California State Motor Vehicle Pollution Control Standards; Notice of Decision Granting a Waiver of Clean Air Act Preemption for California's 2009 and Subsequent Model Year Greenhouse Gas Emission Standards for New Motor Vehicles*, 74 Fed. Reg. 32,744 (July 8, 2009).

3

B. In 2010, EPA and NHTSA promulgated a joint rule that established "a National Program consisting of new federal standards for light-duty vehicles that will reduce greenhouse gas emissions and improve fuel economy." *See Light-Duty Vehicle Greenhouse Gas Emissions Standards and Corporate Average Fuel Economy Standards*, 75 Fed. Reg. 25,324 (May 7, 2010) ("One National Program" standards). California amended its rules to state that "compliance with the Federal GHG standards will be deemed to be compliance with California's GHG standards," and EPA agreed to waive preemption of California's greenhouse gas standards under the Clean Air Act. *Id.* at 25,327-28.

EPA and NHTSA subsequently collaborated with California and other stakeholders to promulgate a more stringent set of One National Program standards for Model Years 2017 to 2025. *See 2017 and Later Model Year Light-Duty Vehicle Greenhouse Gas Emissions and Corporate Average Fuel Economy Standards*, 77 Fed. Reg. 62,624 (Oct. 15, 2012). That rule also directed EPA and NHTSA to conduct a mid-term evaluation of the propriety of the One National Program standards for Model Years 2022 to 2025, by no later than April 1, 2018. *See id.* at 62,652. In 2018, EPA and NHTSA published a notice of proposed rulemaking to issue revised standards for Model Years 2022 to 2025. *See The Safer Affordable Fuel-Efficient (SAFE) Vehicles Rule for Model Years 2021-2026 Passenger Cars and Light Trucks*, 83 Fed. Reg. 42,986 (Aug. 24, 2018).

4

EPA and NHTSA promulgated SAFE Rule Part Two,[2] the rule at issue in these consolidated petitions for review, in April 2020. 85 Fed. Reg. 24,174. SAFE Rule Part Two requires annual increases in the stringency of fuel economy and greenhouse gas emission standards of 1.5 percent per year from Model Years 2021 through 2026 over Model Year 2020 levels, a reduction from the annual increases under the prior rule. *See id.* at 24,175; 77 Fed. Reg. at 62,638.

C.  There are currently eight pending petitions for review of SAFE Rule Part 2, filed by petitioners including the State of California, the National Resources Defense Council, and the Competitive Enterprise Institute. All of these cases have been consolidated. *See* Case Nos. 20-1145, 20-1167, 20-1168, 20-1169, 20-1173, 20-1174, 20-1176, 20-1177.

## ARGUMENT

The Automobile Manufacturers take no position on the merits of the petitions for review and seek to intervene in these consolidated cases only to address the issue of remedy. If this Court grants a petition for review of SAFE

---

[2] In the *Safer Affordable Fuel-Efficient (SAFE) Vehicles Rule Part One: One National Program* ("SAFE Rule Part One"), 84 Fed. Reg. 51310-01 (Sept. 27, 2019), EPA partially withdrew the federal preemption waiver under the Clean Air Act that had allowed California to promulgate its own emissions standards, and NHTSA interpreted EPCA to preempt state greenhouse gas regulations. SAFE Rule Part One is currently under review in the D.C. Circuit, *see* Case No. 19-1230 and consolidated cases, and the NHTSA aspect of the rule has also been challenged in district court, *see California, et al. v. Chao*, No. 19-cv-2826 (D.D.C. filed Sept. 20, 2019).

5

Rule Part Two, the Automobile Manufacturers have a substantial interest in ensuring that any remedy imposed by this Court is appropriate and achievable.

I. Federal Rule of Appellate Procedure 15(d) allows a party to intervene in a proceeding to review agency action if a motion for leave to intervene is "filed within 30 days after the petition for review is filed and … contain[s] a concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d). These requirements are satisfied in this case.

A. The Automobile Manufacturers are filing their motion for leave to intervene within 30 days of the petition for review filed on May 28, 2020 in Case No. 20-1177. This timely-filed motion qualifies as a timely motion to intervene in all previously and subsequently filed cases as well involving challenges to SAFE Rule Part Two. *See* D.C. Circuit Rule 15(b) ("A motion to intervene in a case before this court concerning direct review of an agency action will be deemed a motion to intervene in all cases before this court involving the same agency action or order, including later filed cases . . . .").

B. This Court has held that "intervention in the court of appeals is governed by the same standards as in the district court." *Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 779 (D.C. Cir. 1997) (emphasis omitted). Under Federal Rule of Civil Procedure 24(a), a party has a right to intervene if it "claims an interest relating to the property or transaction that is the

6

subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *see Deutsche Bank Nat'l Trust Co. v. FDIC*, 717 F.3d 189, 192 (D.C. Cir. 2013). These requirements are satisfied here.[4]

The Automobile Manufacturers seek to intervene in these consolidated cases to protect their substantial interests in any remedy in the event this Court grants a petition for review. Any remedy this Court adopts will presumably address what greenhouse gas regulations will apply in future model years. The Automobile Manufacturers have a substantial interest both in the process of deciding what that remedy should be, and in the remedy itself. The Automobile Manufacturers therefore seek to intervene in order to advocate for an appropriate remedy in the event any petitions are granted.

The Automobile Manufacturers' interests are not adequately represented by any other party in this case. This Court has held that this is not an onerous standard. *See Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 321 (D.C. Cir. 2015) ("[A] movant ordinarily should be allowed to intervene unless it

---

[4] In any event, the Automobile Manufacturers at a minimum satisfy the requirements for permissive intervention under Rule 24(b), which requires only that a proposed intervenor have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

7

is clear that the party will provide adequate representation." (quotation marks omitted)). While EPA and NHTSA seek to maintain the current fuel economy and greenhouse gas standards set forth in SAFE Rule Part Two, they cannot, as government agencies, adequately represent the interests of private, commercial entities. *See id.* This Court "look[s] skeptically on government entities serving as adequate advocates for private parties." *Id.* (citing *Fund for Animals, Inc. v. Norton*, 322 F.3d. 728, 736 (D.C. Cir. 2003))).

Only the Automobile Manufacturers can adequately represent their own private, commercial interests in this case. The other proposed intervenors, who seek either to challenge or to defend the SAFE Rule Part Two, do not speak for the Automobile Manufacturers.³ The Automobile Manufacturers should have an opportunity to provide the Court with their views on the remedy that should apply in the event that a petition for review of SAFE Rule Part Two is granted.

II.  Even if a proposed intervenor must establish Article III standing, *see Deutsche Bank*, 717 F.3d at 193, that requirement is met here.

The Automobile Manufacturers have Article III standing in this case because they have substantial interests that could be adversely affected by this litigation.

---

³ The Alliance for Automotive Innovation's May 22, 2020 motion to intervene in support of Respondents was not on behalf of the Automobile Manufacturers. *See* Motion of the Alliance for Automotive Innovation to Intervene in Support of Respondents at 3 n.1, No. 20-1145 (D.C. Cir. May 22, 2020) (Doc. # 1844089).

8

*See Roeder v. Islamic Repub. of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003) ("[A]ny person who satisfies Rule 24(a) will also meet Article III's standing requirement."). The Automobile Manufacturers are regulated by SAFE Rule Part Two. The outcome of petitions for review of that rule therefore affects the Automobile Manufacturers' regulatory obligations, which is sufficient to support standing. *See, e.g.*, *DIRECTV, Inc. v. FCC*, 110 F.3d 816, 829 (D.C. Cir. 1997) ("[S]tanding . . . may be established by reference . . . to lost profits."). Although the Automobile Manufacturers seek to intervene only with respect to the remedy in the event the petitions for review are granted, any alternative greenhouse gas and fuel economy standards will also affect the Automobile Manufacturers' regulatory obligations.

## CONCLUSION

For the foregoing reasons, the Court should grant the Automobile Manufacturers' motion to intervene.

Dated: June 26, 2020

Respectfully submitted,

Mark W. Redman
BMW GROUP
Corporate Counsel
AJ-NA
300 Chestnut Ridge Road
Woodcliff Lake, NJ 07677-7731
Telephone:  (201) 307-3610
Fax: 201-307-4409
mark.redman@bmwna.com

Rachel Jacobson
WILMER CUTLER PICKERING HALE &
 DOOR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone:  (202) 663-6385
Fax: (202) 663-6363
rachel.jacobson@wilmerhale.com

*Counsel for BMW of North America, LLC and Rolls-Royce Motor Cars NA, LLC*

John W. (Jack) Alden Jr.
Senior Corporate Counsel
American Honda Motor Co., Inc.
700 Van Ness Avenue, MS 300-2-1D
(310) 291-0389
jack.alden@ahm.honda.com

*Counsel for American Honda Motor Co., Inc.*

By: /s/ Elisabeth S. Theodore
Jonathan S. Martel
Elisabeth S. Theodore
Graham W. White
ARNOLD & PORTER KAYE SCHOLER
 LLP
601 Massachusetts Ave. NW
Washington, DC 20001-3743
(202) 942-5000
jonathan.martel@arnoldporter.com
elisabeth.theodore@arnoldporter.com
graham.white@arnoldporter.com

*Counsel for Ford Motor Company*

Pratik A. Shah
Kenneth J. Markowitz
Stacey H. Mitchell
AKIN GUMP STRAUSS HAUER & FELD
 LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288
pshah@akingump.com

*Counsel for Volkswagen Group of America, Inc.*

10

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1, the Automobile Manufacturers make the following disclosures:

American Honda Motor Co., Inc. is a wholly-owned subsidiary of Honda Motor Co., Ltd. No other publicly traded corporation owns ten percent or more of the stock of Intervenor American Honda Motor Co., Inc.

BMW of North America, LLC is a wholly owned subsidiary of BMW (US) Holdings Corp., which in turn is a wholly owned subsidiary of BMW AG.  BMW AG is a stock company under German law with its seat in Munich, Germany, and registered with the Munich Commercial Register under nºHRB42243.  BMW AG is independent and has no parent corporation.  To date, only the shareholders listed on page 103 of the Annual Report 2019 (attached hereto as Exhibit A) have notified BMW AG of voting rights of 10% or more.  To BMW AG's knowledge, none of these shareholders are publicly owned.

Ford Motor Company states that it has no parent corporation.  As of December 31, 2019, no publicly-traded companies have disclosed that they own 10% or more of Ford's common stock.

Rolls-Royce Motor Cars NA, LLC is a wholly-owned subsidiary of BMW (US) Holding Company.  No other publicly traded corporation owns ten percent or more of the stock of Rolls-Royce Motor Cars NA, LLC.

VWGoA is a wholly owned subsidiary of Volkswagen, AG, a publicly traded German corporation. VWGoA has no publicly traded subsidiaries. VWGoA imports, markets, sells and distributes automobiles and thus is directly affected by the rule challenged in the underlying petitions for review.

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rules 27(a)(4) and 28(a)(1)(A), the Automobile Manufacturers submit this certificate.

**Parties, Intervenors, and Amici:** The following provides the current parties, proposed intervenors, and amici in these consolidated actions:

*Petitioners*: Competitive Enterprise Institute; Anthony Kreucher; Walter M. Kreucher; James Leedy; Marc Scribner; State of California; State of Colorado; State of Connecticut; State of Delaware; State of Hawaii; State of Illinois; State of Maine; State of Maryland; Commonwealth of Massachusetts; State of Michigan; State of Minnesota; State of Nevada; State of New Jersey; State of New Mexico; State of New York; State of North Carolina; State of Oregon; Commonwealth of Pennsylvania; State of Rhode Island; State of Vermont; Commonwealth of Virginia; State of Washington; State of Wisconsin; District of Columbia; City of Los Angeles; City of New York; City and County of San Francisco; City and County of Denver; Natural Resource Defense Council, Inc.; Center for Biological Diversity; Chesapeake Bay Foundation, Inc.; Communities for a Better Environment; Conservation Law Foundation; Consumer Federation of America; Environment America; Environmental Defense Fund; Environmental Law and Policy Center; Public Citizen, Inc.; Sierra Club; Union of Concerned Scientists; South Coast Air Quality Management District; Bay Area Air Quality Management

District; Sacramento Metropolitan Air Quality Management District; National Coalition for Advanced Transportation; Advanced Energy Economy; Calpine Corporation; Consolidated Edison, Inc.; National Grid USA; New York Power Authority; Power Companies Climate Coalition.

*Respondents*: National Highway Traffic Safety Administration; James C. Owens, in his official capacity as Acting Administrator, National Highway Traffic Safety Administration; Environmental Protection Agency; Andrew Wheeler, in his official capacity as Administrator, U.S. Environmental Protection Agency; United States Department of Transportation; Elaine L. Chao, in her official capacity as Secretary, United States Department of Transportation.

*Movant-Intervenors*: There are currently pending motions to intervene 1) jointly by the States of California, Colorado, Connecticut, Hawaii, Illinois, Maine, Maryland, Minnesota, Nevada, New Jersey, New York, North Carolina, Oregon, Rhode Island Vermont, Washington, and Wisconsin, the Commonwealths of Pennsylvania, Massachusetts, and Virginia, the District of Columbia, the City and County of Denver, the Bay Area Air Quality Management District, the Sacramento Metropolitan Air Quality Management District, and the South Coast Air Quality Management District; 2) jointly by the Environmental Defense Fund, Conservation Law Foundation, Consumer Federation of America, Environment America, Environmental Law and Policy Center, Natural Resources Defense Council, Public

Citizen, Sierra Club, and Union of Concerned Scientists; 3) individually by the Alliance for Automotive Innovation; and 4) individually by Ingevity Corporation.

**Action Under Review:** "The Safer Affordable Fuel-Efficient (SAFE) Vehicles Rule for Model Years 2021-2026 Passenger Cars and Light Trucks," 85 Fed. Reg. 24,174 (Apr. 30, 2020).

**Related Cases:** The following cases involve challenges to the same agency action: *Competitive Enterprise Institute v. NHTSA*, Case No. 20-1145 (May 1, 2020); *State of California v. Wheeler*, Case No. 20-1167 (May 27, 2020); *Natural Resources Defense Council v. Wheeler*, Case No. 20-1168 (May 27, 2020); *Environmental Defense Fund v. Owens*, Case No. 20-1169 (May 27, 2020); *South Coast Air Quality Management District v. NHTSA*, Case No. 1173 (May 28, 2020); *National Coalition for Advanced Transportation v. EPA*, Case No. 20-1174 (May 28, 2020); *Advanced Energy Economy v. Wheeler*, Case No. 20-1176 (May 28, 2020); *Calpine Corp. v. EPA*, Case No. 20-1177 (May 28, 2020).

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), the undersigned hereby certifies:

1.  The foregoing motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,712 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f). As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

2.  This foregoing motion complies with the typeface and type style requirements of Fed. R. App. P. 27(a)(5)-(6) because it was prepared in proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

/s/ Elisabeth S. Theodore
Elisabeth S. Theodore

## CERTIFICATE OF SERVICE

I certify that, on June 26, 2020, I caused the foregoing motion to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF system. All participants in the consolidated cases are registered CM/ECF users and will be served by the CM/ECF system.

<u>/s/ Elisabeth S. Theodore</u>
Elisabeth S. Theodore