# United States Court of Appeals
### For The District of Columbia Circuit
_____

| | |
|---|---|
| **No. 20-1145** | **September Term, 2020** |
| | EPA-83FR16077 |
| | NHTS-85FR24174 |
| | **Filed On: October 19, 2020** |

Competitive Enterprise Institute, et al.,

      Petitioners

   v.

National Highway Traffic Safety Administration, et al.,

      Respondents

------------------------------

Alliance for Automotive Innovation, et al.,
      Intervenors

------------------------------

Consolidated with 20-1167, 20-1168, 20-1169, 20-1173, 20-1174, 20-1176, 20-1177, 20-1230

      **BEFORE:**    Henderson, Rogers, and Walker, Circuit Judges

### O R D E R

      Upon consideration of the motion of American Honda Motor Company, et al., for leave to intervene, the opposition thereto, and the reply; the motion of Competitive Enterprise Institute, et al., to complete the record, the opposition thereto, and the reply; the motion of the State of California, et al., to complete and supplement the record, the opposition thereto, and the reply; and the motion of petitioners and certain intervenors to establish briefing schedule and format, the responses of American Honda Motor Company, et al., and the Alliance for Automotive Innovation, respondents' opposition and motion to establish briefing schedule and format in the alternative, the reply in support of petitioners' and intervenors' motion and opposition to respondents' motion, and the reply in support of respondents' motion, it is

# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 20-1145**                                                                 **September Term, 2020**

**ORDERED** that the motion of American Honda Motor Company, et al., for leave to intervene be granted.  It is

**FURTHER ORDERED** that the motion of Competitive Enterprise Institute, et al., to complete the record be granted to the extent that it concerns EPA's December 2019 Integrated Science Assessment for Particulate Matter.  Respondents agree that this document is part of the administrative records for the challenged rulemaking.  It is

**FURTHER ORDERED** that the remaining aspects of the motion of the Competitive Enterprise Institute, et al., to complete the record and the motion of the State of California, et al., to complete and supplement the record be referred to the merits panel to which these consolidated cases are assigned.  The parties are directed to address in their briefs the issues presented in the motions rather than incorporate those arguments by reference.  It is

**FURTHER ORDERED** that the following briefing format and schedule will apply in these consolidated cases:

| | |
|---|---|
| Brief of Petitioners Competitive Enterprise Institute, et al. (not to exceed 10,400 words) | January 14, 2021 |
| Brief of Petitioners Clean Fuels Development Corporation, et al. (not to exceed 10,400 words) | January 14, 2021 |
| Brief of Coordinating Petitioners (no more than three briefs, not to exceed a combined total of 36,800 words) | January 14, 2021 |
| Brief(s) of Amici Curiae in Support of Petitioners or No Party (each brief not to exceed 6,500 words) | January 21, 2021 |
| Brief of Respondents (not to exceed 57,600 words) | April 14, 2021 |
| Brief(s) of Amici Curiae in Support of Respondents (each brief not to exceed 6,500 words) | April 21, 2021 |

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 20-1145**                                                  **September Term, 2020**

| | |
|---|---|
| Briefs of Coordinating Intervenors (no more than two briefs, not to exceed a combined total of 6,400 words) | April 28, 2021 |
| Brief of Intervenor Alliance for Automotive Innovation (not to exceed 7,280 words) | April 28, 2021 |
| Brief of Intervenor Ingevity Corporation (not to exceed 7,280 words) | April 28, 2021 |
| Brief of Intervenors American Honda Motor Company, et al. (not to exceed 3,000 words) | April 28, 2021 |
| Reply Brief of Competitive Enterprise Institute, et al. (not to exceed 5,200 words) | June 1, 2021 |
| Reply Brief of Clean Fuels Development Corporation, et al. (not to exceed 5,200 words) | June 1, 2021 |
| Reply Brief of Coordinating Petitioners (no more than three briefs, not to exceed a combined total of 18,400 words) | June 1, 2021 |
| Deferred Appendix | June 8, 2021 |
| Final Briefs | June 15, 2021 |

      The parties will be informed later of the date of oral argument and the composition of the merits panel.

      All issues and arguments must be raised by appellants in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

      The court reminds the parties that

# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 20-1145**                                      **September Term, 2020**

      in cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

      To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Procedures 42 (2019); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

      Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

                                         **FOR THE COURT:**
                                         Mark J. Langer, Clerk

                       BY:    /s/
                                         Manuel J. Castro
                                         Deputy Clerk